**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

ELIZABETH S.,                              )
                                           )
            Plaintiff                      )
                                           )
v.                                         )        No. 1:26-cv-00121-SDN
                                           )
FRANK BISIGNANO,                           )
Commissioner of                           )
Social Security,                           )
                                           )
            Defendant                      )

**RECOMMENDED DECISION ON MOTION TO DISMISS**

The Plaintiff, proceeding pro se, initiated this Social Security appeal on March 9, 2026.  *See* Complaint (ECF No. 1).  The Commissioner has now moved to dismiss the Plaintiff's complaint seeking judicial review as untimely because the Plaintiff filed it more than sixty-five days after the Appeals Council mailed her notice of its denial of her request to review the administrative law judge's (ALJ's) decision on November 25, 2025.  *See* Motion (ECF No. 9); Notice of Denial (ECF No. 9-1)[1]; 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [she] was a party . . . may obtain review of such decision by a civil action commenced within sixty days after the mailing to

---

[1] The Court may properly consider the notice of denial (which is outside of the Plaintiff's complaint) without converting the Commissioner's motion to dismiss into a motion for summary judgment because the notice is central to the Plaintiff's appeal.  *See Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) ("Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion [to dismiss] is converted into one for summary judgment.  There is, however, a narrow exception for documents the authenticity of which is not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." (cleaned up)).

1

[her] of notice of such decision . . . ."); 20 C.F.R. § 422.210(c) ("Any civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the [ALJ's] decision or notice of the decision by the Appeals Council is received by the individual . . . . [T]he date of receipt of notice of denial of request for review . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.").

The Plaintiff failed to respond to the Commissioner's motion to dismiss and has therefore waived any opposition.[2]  *See* Local Rule 7(b)(2) ("If a timely objection or response [to a motion] is not filed, it is waived.").  In such circumstances, this Court may grant the motion because doing so would not offend equity.  *See NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002) ("[I]t is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by local rule, at least when the result does not clearly offend equity." (footnote omitted)).  Moreover, on the merits, the Commissioner has shown that the Plaintiff's complaint was untimely and should be dismissed.  *See, e.g., Piscopo v. Sec'y of Health & Hum. Servs.*, No. 93-2326, 1994 WL 283919, at *2-4 (1st Cir. June 27, 1994) (affirming the dismissal of a Social Security appeal filed after section 405(g)'s time limit).

---

[2] The Commissioner certified that he notified the Plaintiff of the motion to dismiss by mailing her a copy.  *See* Motion at 5.  This Court recently had mail sent to the Plaintiff at the same address (which is the one she provided in her complaint) returned as undeliverable.  *See* ECF No. 8.  If the Plaintiff's address has changed, it was her responsibility to update the Court and opposing counsel.  *See Dresser v. Norms*, No. 1:18-cv-00426-DBH, 2019 WL 77134, at *2 (D. Me. Jan. 2, 2019) (rec. dec.) ("Parties to litigation have a duty to inquire periodically about the status of the litigation and to keep the court informed of their current address and contact information."), *aff'd*, 2019 WL 302485 (D. Me. Jan. 23, 2019).  Nevertheless, the Clerk's Office is requested to call the Plaintiff one time at the telephone number she provided in an attempt to notify her of this recommended decision.

For these reasons, I recommend the Court **GRANT** the Commissioner's motion and **DISMISS** the Plaintiff's complaint.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: May 29, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge

3