UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ELIZABETH S.,                          )
                                       )
                 Plaintiff,            )
                                       )
v.                                     )        1:26-cv-00121-SDN
                                       )
FRANK BISIGNANO,                       )
Commissioner of Social Security,       )
                                       )
                 Defendant.            )

**ORDER AFFIRMING RECOMMENDED DECISION**

On March 9, 2026, Plaintiff filed her complaint, seeking judicial review of the Social Security Administration Commissioner's (the "Commissioner") decision. ECF No. 1. The Commissioner moved to dismiss Ms. Smith's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing it was untimely. ECF No. 9. Ms. Smith failed to file a response to the Commissioner's motion by the May 21, 2026, deadline.

On May 29, 2026, the Magistrate Judge recommended dismissing Plaintiff's complaint as untimely under 42 U.S.C. § 405(g). ECF No. 10. She first found Ms. Smith's failure to respond to the Commissioner's motion constituted a waiver, and the motion to dismiss could thus be granted on that basis alone. *Id.* at 2. Even setting aside Ms. Smith's failure to respond, the Magistrate Judge concluded that her complaint should be dismissed on the merits as untimely. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [she] was a party . . . may obtain a review of such decision by a civil action commenced *within sixty days* after the mailing to [her] of notice of such decision.") (emphasis added). The Magistrate Judge further notified the parties that failure to object to her decision by June 12, 2026, would waive their right to de novo review and appeal. ECF No. 10 at 3. The Clerk

1

of Court also confirmed Ms. Smith's mailing and mailed a copy of the Magistrate Judge's decision and the entire docket to her address.

On June 12, 2026, despite the Magistrate Judge's determination that Ms. Smith had waived her right to respond, Ms. Smith filed a document styled as a response to the Commissioner's motion and addressed to Magistrate Judge Wolf. ECF No. 11. Attached to Ms. Smith's filing is an exhibit containing an email from "USPS Informed Delivery" indicating Ms. Smith purportedly did not receive notice of the Social Security Administration's final decision until December 30, 2025. *See* ECF No. 11-1. Based on this exhibit, Ms. Smith argues the Commissioner's motion to dismiss "is both premature and unbased." ECF No. 11 at 1. The Commissioner subsequently filed a responsive pleading, construing Ms. Smith's filing as an objection to the Recommended Decision and arguing that, even if the additional evidence rebutted the presumed notice date, her complaint filed on March 9, 2026, remains untimely under the applicable statutory and regulatory framework. ECF No. 12 at 2–3.

In light of this Court's duty to construe pro se filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and also noting that Ms. Smith addressed her filing to Magistrate Judge Wolf, I construe her filing at ECF No. 11 as a timely objection to the Magistrate Judge's Recommended Decision. Having conducted a de novo review of the record, I concur with the Magistrate Judge's Recommended Decision and determine that no further proceeding is necessary. The text of 42 U.S.C. § 405(g) and corresponding federal regulation 20 C.F.R. § 422.210(c) establish that a plaintiff must bring suit within sixty-five days following notice of the Commissioner's final decision. *See Walker-Butler v. Berryhill*, 857 F.3d 1, 6 (1st Cir. 2017) (finding an individual has sixty-five days following notice "to challenge the Commissioner's final decision on an initial application

for benefits"). A plaintiff may rebut the presumption of the notice date, which shifts the burden to the Commissioner to prove the plaintiff received actual notice more than sixty-five days before she filed her complaint. *See Valliere v. Berryhill*, No. 17-cv-00189, 2017 WL 4891519, at *3 (D. Me. Oct. 29, 2017), *report and recommendation adopted*, 2017 WL 6454237 (D. Me. Dec. 18, 2017). Such burden-shifting is not necessary here, however, because even accepting Ms. Smith's evidence as true, her revised filing deadline would have expired on March 5, 2026–sixty-five days following the notice received on December 30, 2025. Because Ms. Smith did not file her complaint until March 9, 2026, I concur with the Magistrate Judge's recommendation to dismiss the complaint as untimely.

**CONCLUSION**

For the foregoing reasons, and those already well-explained in the Magistrate Judge's Recommended Decision, the Commissioner's motion to dismiss is **GRANTED**. ECF No. 9. The Court further **AFFIRMS** and **ADOPTS** the Magistrate Judge's Recommended Decision in its entirety. ECF No. 10. Ms. Smith's complaint, ECF No. 1, is accordingly **DISMISSED**.

SO ORDERED.

Dated this 1st day of July, 2026.

/s/ Stacey D. Neumann
UNITED STATES DISTRICT JUDGE