UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ELIZABETH S.,                          )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )     1:26-cv-00121-SDN
                                       )
FRANK BISIGNANO,                       )
Commissioner of Social Security,       )
                                       )
                    Defendant.         )

**AMENDED ORDER AFFIRMING RECOMMENDED DECISION[1]**

On March 9, 2026, Plaintiff filed her complaint, seeking judicial review of the Social Security Administration Commissioner's (the "Commissioner") decision. ECF No. 1. The Commissioner moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing it was untimely. ECF No. 9. The Plaintiff failed to file a response to the Commissioner's motion by the May 21, 2026, deadline.

On May 29, 2026, the Magistrate Judge recommended dismissing Plaintiff's complaint as untimely under 42 U.S.C. § 405(g). ECF No. 10. She first found the failure to respond to the Commissioner's motion constituted a waiver, and the motion to dismiss could thus be granted on that basis alone. *Id.* at 2. Even setting aside Plaintiff's failure to respond, the Magistrate Judge concluded that her complaint should be dismissed on the merits as untimely. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the

---

[1] On July 1, 2026, this Court issued an order and judgment affirming the Magistrate Judge's Recommended Decision and dismissing the Plaintiff's complaint as untimely. ECF Nos. 13 & 14. That Order erroneously stated that the plaintiff had sixty-five days following notice of the Social Security Administration's final decision to seek judicial review of said decision. This Amended Order correctly states that, under 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c), plaintiff had sixty days to file her complaint following her receipt of notice on the final decision on December 30, 2025. This amendment does not alter the Court's original conclusion dismissing the plaintiff's complaint as untimely.

1

Commissioner of Social Security made after a hearing to which [she] was a party . . . may obtain a review of such decision by a civil action commenced *within sixty days* after the mailing to [her] of notice of such decision.") (emphasis added). The Magistrate Judge further notified the parties that failure to object to her decision by June 12, 2026, would waive their right to de novo review and appeal. ECF No. 10 at 3. The Clerk of Court also confirmed the Plaintiff's mailing address and mailed a copy of the Magistrate Judge's decision and the entire docket to her address.

On June 12, 2026, despite the Magistrate Judge's determination that she had waived her right to respond, Plaintiff filed a document styled as a response to the Commissioner's motion and addressed to Magistrate Judge Wolf. ECF No. 11. Attached to her filing is an exhibit containing an email from "USPS Informed Delivery" indicating Plaintiff purportedly did not receive notice of the Social Security Administration's final decision until December 30, 2025. *See* ECF No. 11-1. Based on this exhibit, Plaintiff argues the Commissioner's motion to dismiss "is both premature and unbased." ECF No. 11 at 1. The Commissioner subsequently filed a responsive pleading, construing the Plaintiff's filing as an objection to the Recommended Decision and arguing that, even if the additional evidence rebutted the presumed notice date, her complaint filed on March 9, 2026, remains untimely under the applicable statutory and regulatory framework. ECF No. 12 at 2–3.

In light of this Court's duty to construe pro se filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and also noting that Plaintiff addressed her filing to Magistrate Judge Wolf, I construe her filing at ECF No. 11 as a timely objection to the Magistrate Judge's Recommended Decision. Having conducted a de novo review of the

2

record, I concur with the Magistrate Judge's Recommended Decision and determine that no further proceeding is necessary.

As mentioned, 42 U.S.C. § 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security . . . may obtain review of such decision by a civil action commenced within sixty days after the mailing to [her] of notice of such decision." The corresponding regulation 20 C.F.R. § 422.210(c) further provides that any civil action seeking review "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the [ALJ's] decision or notice of the decision by the Appeals Council is received by the individual . . . . [T]he date of receipt of notice of denial of request for review . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary. *See Walker-Butler v. Berryhill*, 857 F.3d 1, 3 (1st Cir. 2017) (discussing the cumulative sixty-five day deadline established by 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c)).

In this matter, the Appeals Council's final notice of denial was dated November 25, 2025. Under 20 C.F.R. § 422.210(c), Plaintiff was presumed to have received notice of the final decision five days later on November 30, 2025. The Plaintiff, however, has produced evidence that she did not receive notice of the Appeals Council's decision until December 30, 2025. ECF No. 11 at 1-1. This proof of receipt of notice effectively rebuts the five-day presumption contained in 20 C.F.R. § 422.210(c), meaning the complaint was actually due sixty days following receipt of notice on December 30, 2025. *See Walker-Butler*, 857 F.3d at 3 ("Pursuant to [C.F.R. § 422.210(c)], the sixty day time limit starts when the individual *receives* the notice of the Appeals Council's action.") (quotation modified).

Because Plaintiff did not file her complaint until March 9, 2026, I concur with the Magistrate Judge's recommendation to dismiss the complaint as untimely.[2]

## CONCLUSION

For the foregoing reasons, and those already well-explained in the Magistrate Judge's Recommended Decision, the Commissioner's motion to dismiss is **GRANTED**. ECF No. 9. The Court further **AFFIRMS** and **ADOPTS** the Magistrate Judge's Recommended Decision in its entirety. ECF No. 10. Plaintiff's complaint, ECF No. 1, is accordingly **DISMISSED**.

**SO ORDERED.**

Dated this 9th day of July, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**

---

[2] Because the sixtieth day following the Plaintiff's receipt of notice—February 28, 2026—fell on a Saturday, the filing deadline was automatically extended to the following Monday, March 2, 2026, pursuant to applicable Social Security Administration guidelines. *See* POMS HA 01410.002(C)(1)(note).